*Memorandum.* In the vacation preceding this term the Hon. DA-
VID HAZZARD, Associate Judge of the Superior Court resigned; and
the Hon. EDWARD WOOTTEN, of Georgetown, Sussex, was appointed
to succeed him. Judge Wootten's commission bears date Septem-
ber 16, 1847;

THE STATE, use of HAZZARD and wife *vs.* LAYTON and others,
his sureties, (in several suits.)

If the condition of a statutory bond be contrary to the statute, it is void.
But if a part be in pursuance of the statute, and another part otherwise, it will not
avoid the bond altogether, unless the statute so enacts.
The omission of one part of the condition of an official bond will not make it void as
to the other part.

THESE were actions of debt on the defendant's bond as adminis-
trator cum testamento annexo of John Wilson, deceased, by the plain-
tiff and his wife, a child and residuary legatee of John Wilson.

The bond was dated in 1826, and was taken according to the act
24 *Geo.* 2, (1751,) 1 *vol.* 284, with condition as therein prescribed,
viz: to make an inventory ; to well and truly administer the goods
" according to law ;" .to account and pay over the residue to such
persons as the register by sentence or decree should appoint : and if
any will should afterwards appear, to surrender these letters. The
case stood on demurrer ; and

*Mr. Bayard,* for defendants, objected—that the bond taken by the
register, on granting administration to the defendant,was not in con-
formity with the statute, and therefore void ; that it was an admin-
istration bond such as is required in cases of intestacy, when it ought
to have been a testamentary bond ; as the declaration showed there

was a will; and administration was granted to the defendant to administer the estate *according to the will,* and not " according to law."

The duty of an administrator is to pay the residue " to such persons as the register by sentence or decree shall appoint;" and, if any will should be discovered, to surrender these letters; but the duty of an executor, or of an administrator, c. t. a., is to pay the residue according to law, *and in pursuance of the will.*

Where a bond is taken in pursuance of authority conferred by statute, and not by common law authority. it must be conformable to the statute or it is void. (*Th. Ray.* 222; *Hob.* 12, 14; 3 *Co.* 82, *Twyne's case; Cro. Eliz.* 529; 7 *T. Rep.* 105; 7 *Taunt. Rep.* 28; 1 *T. Rep.* 421; 21 *C. L. Rep.* 299: 4 *East's Rep.* 568; 1 *C. L. Rep.* 479; 2 *Saund. Rep.* 59, 60, *n.* 3; 1 *Del. L.* 89, 280; 2 *Ibid* 888.)

*Mr. Houston,* contra, said that a testamentary bond would be further from suiting the case than this bond, which was taken according to law and uniform practice.   The different acts of assembly on the subject leave it in doubt what shall be the form of an administration bond with the will annexed; but the best conclusion is, that the act of 24 *Geo.* 2, (v. 1, 284,) is to govern.   And none of the acts avoid bonds not taken in terms precisely conformable to them.   The cases cited are under *Stat.* 23 *Hen.* 6, which (to prevent extortion) declares, that bonds not taken conformable to it shall be *void.*   (1 *Saund. Rep.* 161, *n.* 1.)   Even where the statute so declares, the courts have, to carry out the objects of the act, construed void to mean voidable.   '(2 *Harr. Rep.* 184, *Luby* vs. *Cox.*)

The English statute of distributions respects the legal representatives; and a creditor cannot assign as a breach the nonpayment of debts.   (2 *Kent Com.* 408; *Amb.* 183; *Cowp.* 140; 1 *Wms. Ex'rs.* 362; 8 *Barn. & Cres.* 150; 1 *Crompt. & Mees.* 690.)   This was never the law of Delaware.   These bonds are " for the use of all persons concerned;" creditors and legatees as well as next of kin. (1 v. 93, 4 v. 46; 2 v. 890.)   A payment according to law, and according to the will, are the same; as the will is the law of distribution for the case.

*Mr. Bayard* replied.

*By the Court:*

BOOTH, *Chief Justice.*—The defendant's counsel contends that where a bond is taken by virtue of a statute, and not at common law, in a case where there is no indebtedness, the bond must be taken in conformity with the statute.   If it is not, or if it is contrary to the statute, it is absolutely void.

In the present case, the form adopted is that which is prescribed in *the act for the better settling intestates' estates*, (*vol.* 1, *Del. Laws.* 285,) which was in force when this bond was executed. The condition is word for word with the form, except in these three points: 1. After describing the defendant as administrator, the words " *with copy of the will annexed*," are inserted. 2. The words " *register for the probate of wills and granting letters of administration*, are inserted in lieu of the words " *Orphans Court*." 3. The words " *as the said register by his decree or sentence, pursuant to the true intent and meaning of the laws of the said State, shall limit and appoint*," are inserted in place of the words " *as the said Orphans' Court, by their decree or sentence, pursuant to the true intent and meaning of this act, shall limit and appoint.*" These variations were necessary; the *first*, to describe the character of the obligor; and the *second* and *third*, to substitute the register for the Orphans Court; because, by the constitution of 1792, the original jurisdiction of that court in settling and adjusting the accounts of executors and administrators, was taken away and vested in the register. In no other respect whatever, does the condition vary from the prescribed form. It is substantially the form required by the English statute of distributions, (22 and 23 *Charles* 2.) The argument on behalf of the defendant is, that the bond is void, because it is in the form set forth in the act contained in vol. 1, 285, in cases of intestacy; that this is a case where the administration was granted with the will annexed, and is not a case of intestacy: that as the deceased left a will, and although the executor renounced, and letters of administration were granted to the defendant, the bond ought to have been taken in the form prescribed by the act, vol. 2, 888, upon the granting of letters testamentary to an executor: that not having been taken according to the latter act, the bond is absolutely void; and that no action can be maintained upon it, either against the defendant, or his sureties.

The condition of the bond on which this suit is founded, is nearly the same in words and substance, with the form of the condition of a testamentary bond. In both cases the obligor is required : 1st. To make a true and perfect inventory of the goods of the deceased, and exhibit the same into the register's office. 2d. To administer well and truly according to law, the said goods, and all other goods that shall come to his hands or possession, or to the hands or possession of any other person for him. 3d. To make a true and just account of his administration. 4th. To distribute and pay the rest and residue of the goods which shall be found remaining upon his

account, in the case of the administrator with the the will annexed, " to such person or persons, respectively, as the register by his decree or sentence, pursuant to the true intent and meaning of the laws of this State, shall limit and appoint;" in the case of the testamentary bond, " according to law, and the true intent and meaning of the last will and testament of the deceased." 5th. The administrator, with the will annexed, is required to surrender and deliver up his letters of administration, in case any last will and testament of the deceased afterwards appears, and is approved in the register's office. Excepting this branch of the condition, which is entirely omitted in the form of a testamentary bond; and also, excepting the fourth branch, the condition of each bond is precisely the same. The fifth branch is not without meaning, and is not such an absurdity as is alledged; for it is quite possible, that a subsequent will might be produced and proved; in which case, the letters of administration would be revoked. As respects the fourth branch, there is no substantial difference in the condition of the two bonds. In either case, the distribution of the residue is to be made pursuant to the last will and testament of the deceased; for otherwise, it is not made pursuant to the true intent and meaning of the laws of this State. It is also made under the sentence or decree of the register. The adjustment and settlement of an account, with his order as to the disposal of the balance, constitute what is termed in the language of the late constitution, his sentence or decree. If a further account is to be passed, the order is, that the balance shall be distributed, in case of an intestacy, according to law; in the case of a will, according to the last will and testament of the deceased. It is in this sense, the late constitution of this State uses the term " *sentence or decree,*" in the section which provides, that " *as to the adjusting and settling executors', administrators', and guardians' accounts, the Orphans' Court shall have appellate jurisdiction from the sentence and decree of the register.*"

The condition then of a bond, whether taken according to the form prescribed in the act of 1787, vol. 2, 888, or the form prescribed in the act 24 *Geo.* 2, vol. 1, 285, is substantially the same. The latter, until the passage of the act of 1829, (*Dig.* 220,) had always been adopted in this State, in all cases of granting letters of administration, whether original, cum testamento annexo, or de bonis non, &c. The act, vol 2, 888, is confined to the case of granting letters testamentary to executors; and gives no authority to take a bond from an administrator with the will annexed. And yet it is argued for

the defendants, that such a bond is void, if not taken under that act, which does not authorize it; and void, if taken under the act, vol. 1, 285. The result, according to this argument, is, that all bonds taken upon granting letters of administration with the will annexed, prior to the year 1829, were null and void. But the practice of taking bonds in all cases of administration is warranted by section four of the act of 1751, vol. 1, 288, which provides, that the register shall continue to grant administration with the will annexed, as used to be done before the passage of the act; and that the last will and testament of the deceased shall be performed and observed in such manner as it should have been, if the act of 1751 had never been made. The only sensible meaning of which is, that distribution shall be made according to the will, and not under the intestate law. The same provision, and in the same words, was contained in an act passed in 1721 (1 *vol. Del. Laws, App'x.* 55,) and in an act passed in 1742 (*App'x.* 62,) which repealed the former act. The act of 1742 was repealed and supplied by the act of 1751. Each of these acts had the same title, to wit: " *An act for the better settling intestates' estates."* Until the passage of the act (vol. 2, 888) in 1787, it may be said, that executors were not required to give bond; for although an act to that effect was passed in 1749, it was repealed in 1750, vol. 1, 282, sec. 4. Therefore, there was no other form in which a bond in cases of administration, whether original, or cum testamento annexo, or de bonis non, &c., could be taken, than the form prescribed in the acts of 1721, 1742 and 1751, which in each is in precisely the same words.

We cannot accede to the proposition to the extent urged by the counsel for the defendants, that in all cases where a statute requires a bond to be taken, if one part of the condition conforms to the terms of the statute, and another part does not; or if any part required by the statute is omitted, the whole of the bond and condition is void. The correct rule is, that if the condition of the bond is for the performance of a matter contrary to the statute, the bond is void. But if part of the condition is for the performance of the things required by the statute; and another clause or part is for the performance of a thing contrary to the statute; the illegal part does not vitiate that which is legal, but may be rejected as surplusage; unless the statute expressly enacts, that the bond shall be void, if the condition does not conform to the statute, or contains matters contrary to it. And if a statute expressly requires a bond to be given by a public officer, and specifies the terms of the condition, which are cumulative; the

omission of one part of the condition required by the statute does not invalidate the bond so far as the other part operates to bind the party.

The condition of the bond which is the subject of the present suit, is in the same words with, the form set forth in the act of 1751, except in the three instances before mentioned, where the variations were rendered necessary by the constitution of 1792. It is also substantially the same with the condition prescribed in the act of 1787. The court, therefore, are unanimously of the opinion, that judgment on the demurrer be given for the plaintiffs.

*Houston,* for plaintiff.

*Bayard,* for defendant.